IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL CARDENAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-347-FB |
| | § | |
| COUNTY MANAGER DAVID SMITH, | § | |
| BEXAR COUNTY, JUSTICE OF THE | § | |
| PEACE, PRECINCT 4, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on April 30, 2025 (docket #4).  On May 1, 2025, the Report and Recommendation was sent by certified mail, return receipt requested to Plaintiff (docket #5). To date, no objections or response to the Report have been filed.[1]  The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that Plaintiff's case be dismissed for want of prosecution.  As Magistrate Judge Chestney explains in the Report, Plaintiff filed this case on April 1, 2025, by filing a motion to proceed IFP and a proposed

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation.  28 U.S.C. § 635(b)(1).  If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ."  FED. R. CIV. P. 5(b)(2)(C).  If service is made by electronic means, "service is complete upon transmission."  *Id*. at (E).  When the mode of service is by electronic means, three days are no longer added to the time period to act after being served.  *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure.  In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service.  *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment.  The amendments took effect on December 1, 2016.").

Complaint (docket #1).  Judge Chestney noted that Plaintiff's motion left multiple sections of the IFP form blank, including how much money he has in checking or savings accounts and the value of his assets and as a result, found the motion lacked sufficient detail for the Court to ensure he is not able to afford court fees and costs. Therefore, on April 8, 2025, Judge Chestney issued an order for Plaintiff to supplement his IFP motion with additional information before ruling on the motion (docket #3).  In addition, Judge Chestney explains that Plaintiff's proposed Complaint lacked sufficient detail for the Court to evaluate whether it states a claim upon which relief could be granted.  Although Plaintiff claims the Defendants discriminated against him based on his race, he fails to explain how his eviction or arrest were related to his race, nor did he explain how his claims were timely under the relevant statutes of limitation.  Therefore, she also ordered Plaintiff to file a More Definite Statement to supplement his proposed Complaint (docket #3).  Plaintiff's supplement to his IFP motion and his More Definite Statement were due on or before April 22, 2025, but to date Plaintiff has not filed either of these documents with the Court.

Judge Chestney explains that a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); FED. R. CIV. P. 41(b). Judge Chestney explains further that she warned Plaintiff that a failure to file an amended pleading could result in the dismissal of this case for failure to prosecute or comply with a Court order (docket #3).  Because Plaintiff failed to file the ordered supplement to his IFP motion or More Definite Statement, Judge Chestney recommends to the Court that the case be dismissed for want of prosecution and failure to follow court orders.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), <u>cert. denied</u>, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be dismissed for want of prosecution and failure to follow court orders.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on April 30, 2025 (docket #4), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for want of prosecution and failure to follow court orders. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of May, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE